La Tonya WASHINGTON, Plaintiff,

v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY and Sharon Hunter, Defendants.

Civ. A. No. 90–2377.

United States District Court, District of Columbia.

April 2, 1991.

Adgie O'Bryant, Jr., Washington, D.C., for plaintiff.

David F. Grimaldi, Martell, Donnelly, Grimaldi & Gallagher, Washington, D.C., for defendants.

## MEMORANDUM OPINION AND ORDER

FLANNERY, District Judge.

The Court today will decide several motions arising from this matter. First, the Court will grant in part the motion of defendant Government Employees Insurance Company ("GEICO") for summary judgment and find that plaintiff La Tonya Washington is not entitled to bring a tort claim based upon GEICO's alleged bad faith denial of her insurance claim. Second, the Court will dismiss the complaint against defendant Sharon Hunter, it appearing that Washington has agreed to dismiss her case against Hunter. Finally, the Court will allow Washington to amend her complaint to add a claim of intentional infliction of emotional distress.

## I. Background

Few of the facts in this matter are undisputed. On or about December 10, 1988, Washington was seriously injured when she was struck by a hit-and-run driver. She subsequently filed a claim with GEICO seeking compensation for expenses arising from her injuries. Her claim was denied by GEICO through its employee Sharon Hunter, and she brought this action on September 26, 1990.

Washington alleges that on the date of the accident she was a passenger in an automobile owned by Christen Jackson and driven by Tyrone Henderson with Jackson's consent. The automobile is insured by GEICO under a policy that provides personal injury protection ("PIP") benefits to passengers injured by uninsured motorists. Washington claims that this policy provides coverage for injuries to passengers from hit-and-run drivers. The central factual question in this matter is whether Washington was a passenger in Jackson's automobile at the time of the accident, and thus whether Washington is entitled to PIP benefits under Jackson's insurance policy with GEICO.

Washington alleges that she was in the process of entering the automobile when she was struck by the unknown vehicle.[1] According to Washington, at about 2:00 a.m. Henderson parked Jackson's vehicle on Fourth Street, N.E., between Edgewood and Channing Streets, and entered an apartment across the street while Washington waited in the car. Henderson failed to return for a long period of time, and Washington went to the apartment in an attempt to convince Henderson to return to the vehicle. Unsuccessful in her efforts and lacking bus fare or an alternative means of transportation, Washington decided to return to the car and continue waiting. Washington exited the apartment, crossed Fourth Street and was attempting to open the car door when she was struck by the

---

1. Because GEICO denies this version of events, the Court may assume without deciding that a person entering a vehicle is a "passenger" entitled to PIP benefits under the terms of Jackson's insurance policy with GEICO.

hit-and-run driver.[2]

GEICO investigated Washington's claim and denied that it occurred in the manner described by Washington. In a letter dated March 24, 1989, Hunter informed Washington's attorney that although GEICO's investigation was ongoing, "there is no indication that [Washington] remained a passenger at the time of this incident.... [S]he would be considered a pedestrian and ... no coverage would be applicable." Pl. Opp.Mem. Exh. 3. In a letter dated May 10, 1989, Hunter advised Washington's attorney that an interview with Henderson, the police report, and the lack of damage to Jackson's automobile indicated that Washington was not a passenger at the time of her injuries and that she would not be covered under Jackson's policy with GEICO. *Id.* Exh. 5.

GEICO completed its investigation and denied coverage on July 27, 1989. *Id.* Exh. 6 (letter of Sharon Hunter to W. Edward Thompson). Relying upon statements made by Henderson, GEICO concluded that Henderson and Washington had parked the vehicle and walked to the apartment of Henderson's friend. Henderson had locked the vehicle and pocketed the keys, making it impossible for Washington to reenter the car when she subsequently left the apartment prior to Henderson's departure. Henderson further testified that he had given Washington money for bus fare at the time she left the apartment. Although one witness, Derrick Williams, observed the hit-and-run driver strike Washington,

he could not determine whether she was entering an automobile at the time of the accident.[3] Based on this information, GEICO concluded that "[t]he facts of this loss do not support La Tonya as passenger in our insured vehicle at the time of the accident." *Id.*

Washington brought this complaint on September 26, 1990, alleging that GEICO and Hunter "breached the implied covenant of good faith and fair dealing" contained in Jackson's insurance policy "by unreasonably withholding payment to plaintiff." Complaint at 3, ¶ 9. She also alleges that the defendants' actions were "outrageous, willful, unreasonable and in bad faith." *Id.* The complaint demands judgment against GEICO and Hunter, jointly and severally, in the amount of $500,000 in compensatory damages and $500,000 in punitive damages. *Id.* at 3.

## II. GEICO's Motion for Summary Judgment

Washington's complaint for breach of the covenant of good faith and fair dealing implicates claims under both tort and contract theories. The complaint appears to bring an action in tort based upon GEICO's bad faith refusal to pay Washington's insurance claim. Washington's claims for punitive damages and to hold GEICO and Hunter jointly and severally liable imply that she seeks to allege an action in tort. The complaint also sets forth a contract cause of action. Washington presumably seeks the PIP benefits allegedly owed to

---

**2.** This version of facts is based upon Washington's affidavit filed in support of her opposition to GEICO's motion for summary judgment. The facts contained therein differ from those alleged in her complaint in two details.

First, Washington's affidavit asserts that the accident occurred on February 2, 1988. Her complaint and her opposition memorandum allege that it occurred on December 10, 1988. Although the Court cannot determine which date is correct, the date of Washington's injuries is not a material fact for purposes of this motion. The defendants do not argue that Washington's claims are barred under the terms of the insurance policy or under the applicable statute of limitations.

Second, Washington's complaint alleges that she was injured while in the process of *alighting from* Jackson's automobile. Complaint at 2, ¶ 6.

Washington's amended complaint provides less detail concerning the circumstances of her injuries, alleging merely that she was a "guest, user or passenger" of the insured vehicle at the time of the accident. Amended Complaint at 2, ¶¶ 7, 8. Again, this discrepancy is not material because GEICO denies that Washington was in the vicinity of the automobile at the time she was injured.

**3.** Williams has since submitted a declaration, Pl. Addendum to Opp.Mem.Exh., in which he reaffirms his February 23, 1988 signed statement and disavows any inconsistent statements attributed to him in the GEICO letters. In his February 23, 1988 statement Williams asserted that he observed Washington entering or exiting a parked vehicle just prior to being struck by the hit-and-run driver. Pl.Opp.Mem.Exh. 2.

her as a beneficiary of Jackson's insurance policy, and punitive damages, although unusual in contract actions, are available in extremely limited circumstances. Faced with the dual legal theories raised by Washington's complaint, the Court will address GEICO's motion for summary judgment under each theory.[4]

### A. The tort cause of action

■ Washington's complaint raises the tort claim of bad faith refusal to pay an insurance claim. GEICO argues that District of Columbia law does not recognize such a cause of action and that the claim must be dismissed. The Court agrees with GEICO.

Only one decision from the District of Columbia has recognized a cause of action in tort based upon an insurer's bad faith refusal to pay an insurance claim. In *Washington v. Group Hosp., Inc.*, 585 F.Supp. 517 (D.D.C.1984), Judge Greene found that "[m]any jurisdictions have recognized a cause of action in tort for the bad faith refusal of an insurer to pay. The District of Columbia is no exception." *Id.* at 520. This Court is not bound by the decision of Judge Greene, and it respectfully declines to follow the result reached in *Washington v. Group Hosp.*

The Court reaches a conclusion contrary to that of Judge Greene for several reasons. First, the Court finds that District of Columbia case law does not compel the decision reached in *Washington v. Group Hosp.* That case relies primarily upon the decision of the District of Columbia Court of Appeals in *Continental Ins. Co. v. Lynham*, 293 A.2d 481 (D.C.1972). In *Lynham*, appellees brought an action against their insurer seeking to recover the cost of damages to their motor boat, plus punitive damages and attorneys' fees incurred in bringing the action. *Id.* at 482. The trial court denied punitive damages but awarded attorneys' fees of $1,000. *Id.* The only

issue before the Court of Appeals was whether the award of attorneys' fees was justified. The Court concluded that it was not. *Id.* at 483–84. The parties did not raise a tort claim of bad faith refusal to pay, nor did the Court of Appeals decide that such a cause of action existed. The *Lynham* decision does not create the tort of bad faith refusal to pay nor does it control the case before this Court.

Second, the Court finds that District of Columbia statutory law does not recognize a cause of action in tort based upon an insurer's bad faith failure to pay an insurance claim. The District of Columbia Code provides a remedy in cases when an insurer fails to pay insurance benefits for injuries caused by uninsured motorists. A beneficiary may recover interest on the overdue benefits, D.C.Code Ann. § 35–2110(c) (1981 ed.) (1988 Repl.Vol.), and attorneys' fees incurred in recovering the overdue benefits. *Id.* § 35–2110(e)(1). Nowhere does the District of Columbia Code provide for a private cause of action against an insurer based upon the insurer's bad faith refusal to pay a claim.

The lack of a statutory private cause of action in the District of Columbia becomes more significant when compared to the statutes of other states which do provide causes of action for bad faith refusal to pay. *See* Fla.Stat.Ann. § 624.155 (1991 Supp.) (insured entitled to bring civil action and seek punitive damages based upon insurer's wrongful failure to pay claim); Ga. Code Ann. § 33–34–6 (1982) (insured entitled to bring civil action and seek punitive damages based upon insurer's failure to pay benefits in good faith). Relying upon the doctrine of *expressio unius est exclusio alterius*—"the mention of one thing implies the exclusion of another"—the Court will not infer a private cause of action for bad faith denial of an insurance claim when the District of Columbia Coun-

---

**4.** GEICO's motion, although entitled a motion for summary judgment, seeks only partial summary judgment. The motion raises the issues of GEICO's tort liability and the availability of punitive damages for a breach of contract. The motion does not seek to have the Court decide the issue of GEICO's contractual liability to

Washington. Even if the Court were inclined to reach this issue, it would be forced to conclude that the pleadings raise a genuine issue of material fact concerning whether Washington was a passenger in the insured automobile at the time of accident.

cil has expressly provided for other remedies. *See McCray v. McGee*, 504 A.2d 1128, 1130 (D.C.1986).

Finally, the Court finds that the decision of Judge Greene in *Washington v. Group Hosp.* has not been universally followed. In *Clayton v. Government Employees Ins. Co.*, Civ. No. 88–1310 (D.D.C. May 8, 1989) (Transcript of hearing), Judge Lamberth declined to follow Judge Greene's decision, reasoning that the District of Columbia Council had not expressly provided for a tort action and that no appellate case had held that such a cause of action existed. *Id.* at 3. Judge Lamberth concluded that a "bad faith action cannot be maintained against an insurance company." *Id.* at 2. Similarly, in a case from the Superior Court for the District of Columbia, *Washington Hosp. Center Corp. v. Smith*, Civ. Nos. 746–85 & 815–83 (D.C.Super.Ct. Mar. 23, 1987), Judge Wolf rejected a tort claim of bad faith refusal to pay an insurance claim:

> The court rules that District of Columbia law does not recognize a cause of action of bad faith insurance claim denial between insurer and insured, and does not recognize a tort claim for alleged breach of contract. The court respectfully disagrees with Judge Harold H. Greene's views to the contrary ...

*Id.* at 3.

The Court is persuaded by GEICO's arguments and by the decisions of Judge Lamberth and Judge Wolf. Although recognizing that disagreement exists, the Court finds that District of Columbia law does not recognize the tort of bad faith denial of an insurance claim. The Court respectfully declines to follow the decision of Judge Greene in *Washington v. Group Hosp.* and will grant GEICO summary judgment on Washington's tort claim.[5]

█ In the alternative, even if the Court were to recognize the tort of bad faith refusal to pay, the Court finds that Washington has presented no evidence establishing her right to recover and that GEICO is entitled to summary judgment. Judge

Greene set forth the legal standard for the tort of bad faith denial of an insurance claim in *Washington v. Group Hosp.*:

> To recover under the tort of bad faith refusal to pay, plaintiff must show that defendant did not have a reasonable basis for denying benefits under the policy and that it knew or recklessly disregarded its lack of a reasonable basis when it denied the claim.

585 F.Supp. at 520. The facts of this case, although disputed, do not show that GEICO denied Washington's claim with knowledge of or in reckless disregard of Washington's right to recover the PIP benefits. GEICO conducted a thorough investigation of Washington's accident and kept her attorney informed of its findings at every step of the investigation. GEICO's denial of the claim was based upon the reasonable conclusion that Washington was a pedestrian, and not a passenger, at the time her injuries occurred. Although GEICO's conclusion may prove erroneous, it was reasonable under the circumstances and is certainly not a decision made in knowing or reckless disregard of Washington's right to recovery. Having presented no evidence that GEICO acted in bad faith, Washington cannot recover under her tort theory and GEICO must be granted summary judgment.

## B. *The contract cause of action*

Underlying Washington's complaint is a cause of action for breach of contract. Washington sues GEICO as a beneficiary of Jackson's insurance policy and seeks PIP benefits pursuant to that policy. Whether Washington is entitled to those benefits is a question of fact that has not been addressed by the parties in their respective memoranda, and the Court does not express a view on whose version of facts surrounding the accident is correct.

█ An issue that the Court may properly consider at this time is Washington's entitlement to punitive damages based upon GEICO's alleged breach of contract.

---

5. Because the Court finds that District of Columbia law does not recognize the tort of bad faith denial of an insurance claim, it need not address the choice of law issue raised by GEICO.

Punitive damages generally are not available in a breach of contract action, even if the breach is willful, wanton, or malicious. *Washington v. Group Hosp.*, 585 F.Supp. at 521. In certain narrow circumstances, however, " 'where a breach of contract merges with and assumes the character of, a wilful tort, calculated rather than inadvertent, flagrant, and in disregard of obligations of trust punitive damages may be assessed.' " *Central Armature Works, Inc. v. American Motorists Ins. Co.*, 520 F.Supp. 283, 291 (D.D.C.1981) (quoting *Brown v. Coates*, 253 F.2d 36, 39 (D.C.Cir. 1958)); *see also Sere v. Group Hosp., Inc.*, 443 A.2d 33, 37 (D.C.) (punitive damages available when breach of contract merges with and assumes the character of a willful tort), *cert. denied*, 459 U.S. 912, 103 S.Ct. 221, 74 L.Ed.2d 176 (1982); *Washington v. Group Hosp.*, 585 F.Supp. at 521 (same).

At least one decision from this Court has found that punitive damages are not available in an action to recover overdue benefits from an insurer for injuries caused by an uninsured motorist. In *Johnson v. Dandridge*, Civ. No. 84–3610 (D.D.C. June 5, 1985), Magistrate Judge Attridge found that beneficiaries are entitled to attorneys' fees and interest on overdue benefits, *see* D.C.Code Ann. § 35–2110(c), (e) (1981 ed.) (1988 Repl.Vol.), and that these sanctions are exclusive of other remedies, including punitive damages. *Id.* at 6. Magistrate Judge Attridge concluded that

> the enforcement of the substantive requirements of the [No–Fault Insurance] Act are achieved through provisions imposing sanctions against violators in favor of those for whom the benefits were enacted. The purpose of the sanctions is to compel compliance. Therefore, if the evidence at trial supports a finding that

the insurance carrier violated its statutory duty to the claimant, the claimant is not without recourse. Thus, the plaintiff's claim for punitive damages for violation of the "No–Fault" statute has no basis in law or fact.

*Id.*

For prudential reasons, the Court will not rely on the decision in *Johnson.* Although GEICO has thoroughly and persuasively argued against the existence of the tort of bad faith denial of an insurance claim, it has not addressed the issue of Washington's entitlement to punitive damages under District of Columbia contract law.[6] Further, Washington seeks to amend her complaint by adding a claim of intentional infliction of emotional distress. GEICO has not opposed Washington's motion and the Court, finding no prejudice to GEICO,[7] will allow the amendment. *See* Fed. R.Civ.P. 15(a) (court shall freely grant leave to amend complaint when justice so requires). Of course, GEICO will be afforded the opportunity to respond to Washington's amended complaint. But if the Court were today to decide that GEICO's actions did not rise to the level of a willful tort, as required to prove punitive damages for a breach of contract, then the Court would also implicitly find that GEICO did not commit the willful tort of intentional infliction of emotional distress. Without briefing by the parties, the Court is not willing to decide the factual question whether GEICO's failure to pay gave rise to this tort.[8]

Although the facts appear to weigh against a finding that GEICO's actions were so extreme and outrageous as to give rise to the tort of intentional infliction of emotional distress, *see Sere*, 443 A.2d at 37,

---

**6.** The Court also notes that Washington's complaint does not clearly set forth a claim for breach of contract. The Court addresses the issue of the availability of punitive damages for a breach of contract as a question arising from a liberal reading of the allegations of plaintiff's complaint.

**7.** The amendments to the complaint do not significantly alter the factual allegations underlying Washington's claims nor do they increase the amount of damages demanded.

**8.** The Court finds that Washington's claim for intentional infliction of emotional distress based upon GEICO's denial of her insurance claim is not without basis in District of Columbia law. *See Asuncion v. Columbia Hosp. for Women*, 514 A.2d 1187, 1190 n. 3 (D.C.1986) ("A breach of contract ... may give rise to allegations of intentional infliction of emotional distress.")

the Court will allow Washington to amend her complaint to allege this tort and will leave for resolution at a later date the factual questions raised therein. Correspondingly, the Court will not decide whether GEICO's denial of Washington's claim—if found to be a breach of contract—rose to the level of a willful tort and thus whether punitive damages should be allowed or denied. These issues await further briefing by the parties or resolution by the trier of fact at trial.

### III. Hunter's Motion to Dismiss

Washington does not oppose defendant Sharon Hunter's motion to dismiss and, at oral argument, stipulated to her dismissal as a party to this action. The Court will thus dismiss the original and the amended complaints against Hunter.

### IV. Conclusion

For the foregoing reasons, it is by the Court this 28th day of March 1991

ORDERED that plaintiff Washington's motion to amend the complaint be, and it hereby is, granted; and it is further

ORDERED that defendant GEICO's motion for summary judgment be, and it hereby is, granted as to Washington's claim of the tort of bad faith refusal to pay an insurance claim; and it is further

ORDERED that defendant GEICO's motion for summary judgment be, and it hereby is, denied as to Washington's claim for breach of contract and for punitive damages; and it is further

ORDERED that defendant Hunter's motion to dismiss be, and it hereby is, granted.