896 F.Supp. 8 (1995)
AMERICAN NATIONAL RED CROSS, Plaintiff,
v.
The TRAVELERS INDEMNITY COMPANY OF RHODE ISLAND, et al., Defendants,
Western Employers Insurance Company, et al., Third-Party Defendants.
Civ. A. No. 91-2175 SSH.
United States District Court, District of Columbia.
July 25, 1995.
*9 Ronald G. Haron, Matthew J. Schlesinger, Peder A. Garske, Sherry W. Gilbert, and Robert H. Shulman, Howrey & Simon, Washington, DC, for plaintiff (Karen Shoos Lipton, General Counsel and Edward L. Wolf, Associate General Counsel, American Red Cross, Washington, DC, of counsel).
Thomas R. Kline, Andrews & Kurth, Washington, DC, Joseph F. Tringali (pro hac vice), Jeffrey G. Bullwinkel (pro hac vice), Steven Z. Hodaszy (pro hac vice), Marion S. Chan (pro hac vice), Jeanne M. Farnan (pro hac vice), Stephen V. Gimigliano (pro hac vice), and Nancy B. Mallery (pro hac vice), Simpson, Thatcher & Bartlett, New York City, for Travelers Indemnity.
Robert E. Heggestad, Heggestad & Weiss, Washington, DC, for TransAmerica.
Douglas Sederholm and Richard Bortnick, White & Williams, Philadelphia, PA, for CIGNA.
Nelson Deckelbaum, Deckelbaum, Ogden & Fisher, Washington, DC, for 1st State Ins. Co.
M. Elizabeth Medaglia and Richard J. DeFeo, Jr., Jackson & Campbell, Washington, DC, for Granite Ins. Co./Lexington Ins. Co.
Theodore A. Howard and Richard A. Ifft, Rosenman & Colin, Washington, DC, for RLI.
Denis Karp and Denise Ramsburg Stanley, Allen, Johnson, Alexander & Karp, Baltimore, MD, for Scottsdale.
James W. Greene and Ann R. Rogers (pro hac vice), Bromley, Greene & Walsh, Washington, DC, for ERIC Reins. Co.
*10 S. Robert Sutton and N. Richard Janis, Janis, Schuelke & Wechsler, Washington, DC, for Sentry Ins./Dairyland Ins. Co.
Davie F. Grimaldi, Martell, Donnelly, Grimaldi & Gallagher, Washington, DC, and Richard M. Shusterman, E. Douglas Sederholm, Barbara S. Zellner, and Richard J. Bortnick, White & Williams, Philadelphia, PA, for Ins. Co. of North America.
Janice Gail Murphy and Steven M. Levine, Wilson, Elser, Moskowitz, Edelman & Dicker, Washington, DC, for Sedgwick James of Virginia, Inc.

OPINION
STANLEY S. HARRIS, District Judge.
Before the Court are three motions for partial summary judgment filed by plaintiff American National Red Cross (ARC); Travelers' oppositions to each of those three motions; and ARC's replies to each.[1] ARC has moved for summary judgment on its claim for punitive damages, the fourth claim for relief in ARC's complaint. ARC has also moved for summary judgment on Travelers' six affirmative defenses, based upon Travelers' deposition testimony under Fed.R.Civ.P. 30(b)(6). Finally, ARC has moved for summary judgment on Travelers' affirmative defenses, separate and apart from its motion for summary judgment grounded on the Rule 30(b)(6) testimony. Upon careful consideration of the submissions, the entire record in the case, and the applicable law, plaintiff ARC's motions for summary judgment are denied. Although "[f]indings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56," Fed. R.Civ.P. 52(a), the Court nonetheless sets forth its analysis, in part because this case survives the rulings herein.

Background
The facts underlying this action are set out fully in this Court's opinion of March 23, 1993. American Red Cross v. Travelers Indem. Co., 816 F.Supp. 755 (D.D.C.1993). Briefly stated: Travelers insured ARC for over fifty years. From July 1, 1982, through July 1, 1985, Travelers insured ARC pursuant to three one-year, primary-level comprehensive general liability (CGL) policies.[2] Beginning in late 1984, when ARC tendered the first HIV claim under the policies to Travelers, and continuing through September 2, 1991, Travelers paid ARC's defense costs and settlements in connection with HIV claims arising under the policies.
In August 1990, in response to the tender of another HIV case to Travelers, Travelers informed ARC that it was assuming the defense of the new case subject to a reservation of rights. In August 1991, Travelers informed ARC that effective September 2, 1991, it would no longer defend ARC in cases it had assigned to the 1984-1985 policy; Travelers later followed the same course of action with respect to the 1982-1983 and 1983-1984 policies. Travelers took the position that the HIV claims submitted by ARC fell under either the "completed operations" or "products hazard" provisions of the policies and therefore were subject to an aggregate liability limit of $1 million, and that the aggregate liability limit had been exhausted (first with respect to the 1984-1985 policy period, and later with respect to the other two policy periods). In the alternative, Travelers contended that all of the HIV claims combined constituted a single "occurrence," and that all the claims therefore were subject *11 to the $1 million "per occurrence" liability limit in the three policies at issue.
In 1993, this Court issued an opinion in which it held that the "products hazard" and "completed operations" aggregate limits of liability were inapplicable to HIV claims. American Red Cross v. Travelers Indem. Co., 816 F.Supp. 755, 759-60 (D.D.C.1993). In addition, this Court held that each act of distribution of HIV-contaminated blood constituted a separate "occurrence," and that therefore the $1 million "per-occurrence" limit of liability in the policies had not been exhausted. 816 F.Supp. at 761. Travelers therefore was found by this Court to have a continuing duty to defend plaintiff (that duty being retroactive from September 2, 1991), "until [Travelers] can demonstrate that [ARC's] underlying claims fall outside the scope of coverage of the insurance policies." Id. at 762.
Since this Court's 1993 opinion, the parties have conducted further discovery in this case, and the discovery period is now closed. Plaintiff ARC has filed three motions for partial summary judgment. First, ARC moves for summary judgment on its claim for punitive damages against Travelers.[3] Second, ARC moves for summary judgment on Travelers' affirmative defenses, contending that Travelers' Rule 30(b)(6) deponent rendered Travelers' affirmative defenses basically unprovable by asserting the attorney-client privilege and the work-product doctrine in response to questions from ARC about the facts and documents which Travelers contended supported its affirmative defenses. Third, ARC moves for summary judgment as to Travelers' affirmative defenses, on grounds separate and distinct from its motion for partial summary judgment based on Travelers' Rule 30(b)(6) testimony.

Discussion
Summary judgment may be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In considering a summary judgment motion, all evidence and the inferences to be drawn from it must be considered in a light most favorable to the nonmoving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-88, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Summary judgment cannot be granted "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The Court finds, after considering the evidence presented in a light most favorable to Travelers, that a genuine issue of material fact exists as to two of ARC's summary judgment motions, and the Court further finds that ARC's third summary judgment motion (based on Travelers' Rule 30(b)(6) deposition testimony) is without merit. Therefore, each of ARC's summary judgment motions is denied. The Court treats each of ARC's three motions in turn.

ARC's Motion for Partial Summary Judgment on Its Fourth Claim for Relief
ARC's motion for partial summary judgment on its claim for punitive damages against Travelers may be treated with dispatch. In the first place, Travelers is correct in asserting that ARC's motion for summary judgment on its punitive damages claim is premature. An insured's claim of bad faith breach of contract against its insurer fails if coverage for the underlying claim does not exist. See O'Malley v. United States Fidelity and Guar. Co., 776 F.2d 494, 500-501 (5th Cir.1985) (holding that, under Mississippi law, an insured bringing a bad faith claim against its insurer must demonstrate "not only that the insurer was liable on the policy, but that the insurer had no `arguable reasons' for denying coverage") (citations omitted); see also Broadhead v. Hartford Cas. Ins. Co., 773 F.Supp. 882, 904 (D.Miss.1991) (noting, with regard to an insured's bad faith claim against its insurer, that "[p]unitive *12 damage considerations do ... typically stem from and implicate coverage questions ... [and] whether there was bad faith in large part turns on whether the policy provided coverage for those expenses"). As discussed infra, ARC's motion for summary judgment on Travelers' affirmative defenses fails, since genuine issues of material fact exist as to each of the six affirmative defenses at issue. Therefore, a final determination has not yet been made as to whether coverage exists for the underlying claims in this action. This determination is a necessary first step before any resultant determination may be made as to Travelers' bad faith.
In addition, and in the alternative, the Court finds that genuine issues of material fact exist as to whether Travelers breached its contractual duty to defend ARC, and whether Travelers breached it in such a manner as to rise to the level of a willful tort. The Court therefore finds that it cannot grant summary judgment for plaintiff on its punitive damages claim.[4]

ARC's Motions for Partial Summary Judgment on Travelers' Affirmative Defenses
Plaintiff has filed two separate motions for partial summary judgment on Travelers' affirmative defenses.[5] First, plaintiff has filed a motion for partial summary judgment on six of Travelers' affirmative defenses, based wholly on the deposition testimony of Timothy Yessman, an attorney in Travelers' Law Department. (This motion is referred to hereinafter as the "Rule 30(b)(6) Summary Judgment Motion.") Second, ARC has filed a substantive motion for partial summary judgment on the same six affirmative defenses (hereinafter referred to as the "Substantive Summary Judgment Motion"). ARC advises the Court in its Substantive Summary Judgment Motion that, should the Court grant summary judgment based on its Rule 30(b)(6) Summary Judgment Motion, the Court need not address its Substantive Summary Judgment Motion. However, since the Court denies plaintiff's Rule 30(b)(6) Motion, the Court will also address plaintiff's Substantive Summary Judgment Motion.

The Rule 30(b)(6) Summary Judgment Motion
ARC contends in its Rule 30(b)(6) Summary Judgment Motion that it is entitled to summary judgment on six of Travelers' affirmative defenses, because Timothy Yessman, Travelers' designated corporate deponent, refused on grounds of attorney/client privilege and work-product doctrine to answer questions about "the facts and documents which Travelers contends support" its affirmative defenses. Plaintiff argues that Yessman's refusal to answer ARC's questions regarding Travelers' affirmative defenses basically renders those defenses unprovable at trial.
Defendant designated Timothy Yessman as its corporate deponent after ARC noticed a deposition of Travelers pursuant to Fed. R.Civ.P. 30(b)(6). (Rule 30(b)(6) provides that a corporation may designate officers, directors, or other persons to testify on behalf of the corporation as to all "matters *13 known or reasonably available to" the corporation.) Yessman was deposed by attorneys for ARC on April 7, 1994, in a deposition that lasted almost eight hours and filled 272 pages of transcript.
Toward the end of the Yessman deposition, counsel for ARC asked Yessman to "tell [him] all of the facts which Travelers contends supports its 12th affirmative defense to the complaint[.]" Deposition of Timothy Yessman ("Yessman Tr.") at 236. Travelers objected to ARC's question, claiming that it was overly broad and sought information protected by the work product doctrine and by the attorney-client privilege, and noting also that "many of the documents Travelers expects will support its 12th affirmative defense are in Red Cross' custody or control." Yessman Tr. at 237. Yessman was then allowed to respond to counsel for ARC's question; he responded by stating that "the 12th affirmative defense was drafted by Counsel of the Travelers ... and the information which supports the 12th affirmative defense is privileged based upon the attorney-client privilege." Id. When ARC's counsel again asked Yessman to identify the facts and/or documents "which Travelers contends supports its 12th affirmative defense," Yessman again refused to identify those facts or documents, claiming that to disclose the facts and documents which Travelers contends support its affirmative defenses "would affect the attorney-client and work-product doctrines which provide appropriate protection to the Travelers." Id.
This pattern of questions and answers continued over the next several pages of deposition transcript: counsel for ARC asked Yessman to identify "the facts and documents which Travelers contends supports" its 13th, 15th, 16th, 17th, and 21st affirmative defenses, and Yessman refused to answer each such question, invoking the work-product doctrine and the attorney/client privilege. This exchange, in its entirety, consumed eight of the 272 pages of transcript generated by the Yessman deposition.
One week after the Yessman deposition, ARC filed a motion for sanctions against defendant Travelers "for failure to comply with plaintiff's notice of deposition pursuant to Rule 30(b)(6)." ARC contended in its motion for sanctions that Travelers had improperly designated Yessman as its Rule 30(b)(6) deponent.[6] Magistrate Judge Robinson denied ARC's motion for sanctions, and this Court affirmed that ruling.
ARC has now filed a motion for summary judgment for ARC on six of Travelers' affirmative defenses. ARC contends that since Yessman refused to answer questions about the "facts and documents which Travelers contends support" its affirmative defenses, Travelers is effectively precluded from presenting such facts and documents at trial and therefore has "no evidence" to present on those defenses. ARC is incorrect.
ARC and Travelers have exchanged over 200,000 pages of documents during the course of discovery in this case, deposed dozens of witnesses, and exchanged hundreds of interrogatories. Travelers' attorneys, it can be assumed, have spent much of their time culling through hundreds of thousands of pages of documents, transcripts, and interrogatory responses, in an effort to select and compile the facts and documents relevant to each separate affirmative defense  in effect, to marshal the evidence in support of each of Travelers' contentions. These activities are protected from discovery by the work-product doctrine. "In cases that involve reams of documents and extensive document discovery, the selection and compilation of documents is often more crucial than legal research." Shelton v. American Motors Corp., 805 F.2d 1323 (8th Cir.1986) (citing James Julian, Inc., v. Raytheon Co., 93 F.R.D. 138, 144 (D.Del.1982); see also Berkey Photo, Inc. v. Eastman Kodak Co., 74 F.R.D. 613, 616 (S.D.N.Y.1977) (barring discovery of "counsel's ordering of the `facts,' referring to the prospective proofs, organizing, aligning, and marshalling empirical data with the view to *14 combative employment that is the mark of the adversary enterprise"). When ARC's counsel requested of Yessman a description of the "facts and documents which Travelers contends support" each affirmative defense, ARC's counsel was asking questions that intruded upon protected work product; in effect, what ARC was requesting was insight into Travelers' defense plan. See Securities and Exchange Commission v. Morelli, 143 F.R.D. 42, 47 (S.D.N.Y.1992) (defendant's notice of Rule 30(b)(6) deposition "constituted an impermissible attempt to inquire into the mental processes and strategies of the SEC [in that defendant's notice] was intended to ascertain how the SEC intends to marshal the facts, documents, and testimony in its possession....").
This Court is of the opinion that Yessman, while perhaps less than forthcoming in some of his responses to ARC's questions on deposition, did not improperly invoke the work-product doctrine or the attorney-client privilege in refusing to answer ARC's questions as to the facts and documents Travelers contends support its affirmative defenses. ARC's argument that Yessman's assertion of the work-product doctrine and the attorney-client privilege somehow voids Travelers' affirmative defenses is, to say the least, unique. The single case ARC cites in support of its unusual proposition is inapposite. In Continental Distilling Corp. v. Humphrey, 17 F.R.D. 237, 241-42 (D.D.C.1955), the district court warned government counsel that if the government claimed privilege with respect to certain documents, the government would not later be allowed to use those documents at trial. Here, ARC makes no claim that Yessman (or Travelers) withheld relevant, discoverable documents or data. Rather, ARC argues that Yessman withheld information as to Travelers' defense strategy  that is, which documents or data Travelers would seek to use to prove its points. This information, as discussed above, is not discoverable because it is protected by the work-product doctrine. ARC's Rule 30(b)(6) Summary Judgment Motion is therefore denied.

ARC's Substantive Summary Judgment Motion
Finally, ARC has moved for partial summary judgment on six of Travelers' affirmative defenses (the same six at issue in ARC's Rule 30(b)(6) Summary Judgment Motion). ARC asserts in its Substantive Summary Judgment Motion and its reply that Travelers can set forth no facts to support the six affirmative defenses at issue, and, in the alternative, that Travelers is barred by the waiver and estoppel doctrines from asserting those defenses. The Court finds that genuine issues of material fact do exist as to Travelers' affirmative defense of misrepresentation and as to the five other Travelers' affirmative defenses at issue, and genuine issues of material fact also exist as to the possible applicability of the waiver and estoppel doctrines. Therefore, ARC's third motion for partial summary judgment must likewise be denied.[7]
NOTES
[1] Also before the Court are third-party defendants Granite State Insurance Company, Lexington Insurance Company, and RLI Insurance Company (RLI)'s joinder in support of Travelers' memorandum of points and authorities in opposition to ARC's motion for summary judgment on Travelers' affirmative defenses based on Travelers' Rule 30(b)(6) testimony; and the responses of third-party defendants Scottsdale Insurance Company, RLI, Granite State, and Lexington to ARC's motion for partial summary judgment on Travelers' affirmative defenses. In addition, Travelers has filed a surreply in further opposition to ARC's motion for partial summary judgment on Travelers' affirmative defenses, and ARC has filed a substantive opposition to Travelers' motion for leave to file a surreply. These documents, too, have been fully considered by the Court.
[2] Defendant RLI provided ARC with a layer of coverage over that of Travelers, for each of the years 1982 through 1985. The other defendants provided three levels of insurance above the RLI "umbrella" layer, during one or more of the years 1982 through 1985.
[3] ARC notes in its motion for partial summary judgment on its punitive damages claim that it is moving merely for summary judgment as to Travelers' liability to pay punitive damages to ARC; the amount, plaintiff contends, should be determined at a later date. Pl.'s Mot. for Partial Summ.J. on the Issue of Liability under its Fourth Claim for Relief, at 1.
[4] ARC also contends that Travelers committed the independent tort of bad faith refusal to provide insurance coverage, citing to Washington v. Group Hospitalization, Inc., 585 F.Supp. 517, 521 (D.D.C.1984). There is an intradistrict split as to whether the tort of bad faith refusal to provide insurance coverage is recognized under the laws of the District of Columbia. See Washington v. Government Employees Ins. Co., 769 F.Supp. 383, 388 (D.D.C.1991) ("GEICO") (holding that there exists no independent tort of bad faith refusal to provide insurance coverage under District of Columbia law); Messina v. Nationwide Mut. Ins. Co., 998 F.2d 2, 4 (D.C.Cir. 1993) (noting that the District of Columbia Court of Appeals "has not squarely addressed the question whether bad faith denial of an insurance claim constitutes an independent tort" and noting that the two reported cases in the federal district court are "directly in conflict"). This Court is of the view that Judge Flannery's holding in GEICO, that such a tort does not exist under District of Columbia law, is the better approach.
[5] Defendant has asserted twenty-two affirmative defenses to plaintiff's complaint. Six are at issue in plaintiff's motion for partial summary judgment: the Twelfth (the events giving rise to the HIV-contaminated blood claims do not constitute an "occurrence"); Thirteenth (injury expected or intended by the insured); Fifteenth (losses arose from intentional conduct on the part of the insured); Sixteenth (claims were known or reasonably foreseeable by the insured); Seventeenth (misrepresentation); and Twenty-First (the events do not constitute a fortuitous event).
[6] ARC specifically took issue in its motion for sanctions with Yessman's responses to paragraphs 1 through 4 of ARC's Rule 30(b)(6) Notice of Deposition; but notably, ARC did not raise any specific problems presented by Yessman's responses to paragraphs 6 through 11 of ARC's Notice of Deposition, which were the paragraphs requesting "the facts and identity of all documents which Travelers contends support" six of its affirmative defenses.
[7] The Court also declines to reach the choice-of-law issues posed by the parties at this stage, having found that summary judgment cannot be granted for plaintiff on any of its motions.